UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DONNELL DEWAYNE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-172-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| D. L. STINE, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for screening of Petitioner Donnell Dewayne Davis', *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1]  Davis is confined in the United States Penitentiary-McCreary ("U.S.P. McCreary") in Pine Knot, Kentucky, and has paid the requisite $5.00 filing fee for a habeas proceeding.

Davis claims that the Bureau of Prisons ("BOP") has improperly calculated his good conduct time credit due to his refusal to participate in the educational program upon his transfer to U.S.P. McCreary.  As a result, Davis contends that he has been denied 25 days of good time credits and should have been released on July 16, 2007, rather than August 10, 2007.  Because

---

[1]  As Davis is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

the Court finds that the BOP has properly determined Davis' good time credits under 18 U.S.C. § 3624(b), and because Davis cannot show a violation of his substantive due process rights, the Court will deny his petition and dismiss this action, *sua sponte*.

## I.     BACKGROUND

The following is a construction or summary of the facts and allegations presented in Davis' petition. Davis was convicted of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), carrying a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 20, 1999, Davis was sentenced to a 123-month term of imprisonment and three years of supervised release.[2] He subsequently surrendered into BOP custody at the United States Penitentiary-Atwater ("U.S.P. Atwater") in California.

While incarcerated at U.S.P. Atwater, Davis participated in the BOP's Literacy Program. By June 2, 2003, he had accrued 550 instructional hours in the program. However, in 2006, Davis was transferred to U.S.P. McCreary. Upon his arrival there, Supervisor of Education ("SOE") Boggs automatically enrolled Davis in that facility's Literacy Program. Davis alleges that he first became aware that he had been enrolled in the program in August 2006, and asked SOE Boggs to remove him from the program. He informed Boggs that he had been given a "ZP exemption" from further participation in the program by the SOE at U.S.P. Atwater on the ground that he had a mental or emotional impediment which prevented him from benefitting further from the educational programming. Davis also contended that he was not required to

---

[2]     The Ninth Circuit Court of Appeals affirmed Davis's conviction on direct appeal. *United States v. Davis*, 2000 WL 1171131 (9th Cir. Aug. 17, 2000) (unpublished decision).

attend further because he had already earned more than the 240 educational hours required by BOP regulations.

According to Davis, SOE Boggs informed Davis that he could not confirm the information at that time, and that Davis should maintain his enrollment until the information could be confirmed. However, Davis refused, and SOE Boggs placed Davis in "unsatisfactory" status with respect to mandatory participation in the educational programs. As a consequence of this "unsatisfactory" designation, Davis was unable to earn the maximum good conduct time available through BOP programs of 54 days under 18 U.S.C. § 3624(b). Instead, he received 42 days good conduct time because the BOP had classified him as an inmate who "has not earned or is not making satisfactory progress towards earning a G.E.D. credential or high school diploma."

Davis filed a grievance with the warden on November 1, 2006. In his December 4, 2006 response, the warden acknowledged that Davis had received a "ZP exemption" at his prior institution. However, the warden stated that Davis' records from U.S.P. Atwater showed no documentation of testing by educational staff and reflected a poor attitude and effort by Davis in his class work. Because of these deficiencies, SOE Boggs rescinded Davis' exemption upon his arrival at U.S.P. McCreary. Davis's subsequent appeals to the BOP's Regional Office and National Office were rejected on the same ground. Davis filed the present habeas petition on May 16, 2007, seeking the restoration of the good conduct time (approximately 25 days) he lost as a result of this determination.

## II.     DISCUSSION

Title 18, Section 3624(f), of the United States Code, directs the BOP to create a "functional literacy" program "for all mentally capable inmates who are not functionally literate." Each eligible inmate is required to participate in the program for a mandatory period of time to be determined by the BOP, and the BOP is required to offer "appropriate incentives which lead to successful completion of the program." 18 U.S.C. § 3624(f). Pursuant to these statutory mandates, the BOP requires any inmate without a high school diploma or GED to attend instructional courses until such time as they complete 240 hours of attendance or obtain a GED, whichever occurs first. 28 C.F.R. § 544.70. Once the inmate has reached 240 hours, the BOP offers additional incentives to encourage completion of the course under 28 C.F.R. § 523.20(c)(1), which awards 54 days of good conduct time credit if the inmate "has earned or is making satisfactory progress toward earning a GED credential." *See also* 18 U.S.C. § 3624(b)(1) (providing that "[i]n awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree."). If the inmate chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2) provides that the BOP shall award only 42 days good conduct time credit.

Inmates who fit within one of the exceptions to mandatory participation set forth in 28 C.F.R. § 544.71 are excused from participation and can still receive the full 54 days of credit. Exceptions exist for those who are temporarily unable to participate, such as for medical reasons or because of a temporary transfer, or those who are permanently exempted from participation

due to a documented mental, emotional, or physical impairment which limits their ability to benefit from the program. 28 C.F.R. § 544.71(a)(4), (b). To qualify for the latter permanent exemption, that is, "[i]nmates who have been determined (on the basis of formal diagnostic assessment) to have a documented emotional, mental, or physical individual impediment to learning," also known as a "ZP exemption," the following documentation must be contained in the inmate's file:

> (1) Formal documentation will reflect that the inmate has stopped making progress in all major academic areas. This will require valid pre- and post-test achievement test scores that indicate a lack of academic gain in any major academic area (reading, math, and written language).
>
> (2) Documentation will also indicate that the inmate has maintained a positive attitude in class and demonstrated a concerted effort to participate and complete assignments. . . .
>
> (3) Documentation will also indicate that the student had been in school for a minimum of 480 hours.

Bureau of Prisons Program Statement ("BOP P.S.") 5350.28, p. 18 (Dec. 1, 2003), *available at* http://www.bop.gov/policy/progstat/5350_028.pdf; 28 C.F.R. § 544.71(b). Additionally, prison education staff is directed to review the "ZP exemption" status of "transferred inmates as part of the education procedures for the Admission and Orientation program." BOP P.S. 5350.28 p.19 (Dec. 1, 2003).

In the present case, SOE Boggs determined that Davis was not entitled to all 54 days of good time credit because he refused to participate in U.S.P. McCreary's Literacy Program and did not fit within the "ZP exemption" because his records from U.S.P. Atwater showed no documentation of testing by educational staff and reflected a poor attitude and effort by Davis

in his class work. However, Davis contends that, once he completed the minimum of 240 educational hours at U.S.P. Atwater as required by 28 C.F.R. § 544.70, he was automatically excused from any further participation in the program, rendering the availability of any exemption irrelevant. He directs the Court's attention to *Snider v. Daniels*, 445 F. Supp. 2d 1233 (D. Or. 2006) in support of his request for relief. In that case, the court found that the BOP acted arbitrarily and capriciously in denying the petitioner good time credits because he had already completed 240 hours of functional literacy instruction. *Snider*, 445 F. Supp. 2d at 1235.

Davis' argument is contrary to the clear mandates and purpose of the functional literacy program and good time credits pursuant to 18 U.S.C. § 3624(b) and (f). As noted previously, § 3624(f) directs the BOP to determine a mandatory period of time that each eligible inmate is *required* to attend the Literacy Program. Then, § 3624(f) directs the BOP to implement "appropriate incentives which lead to successful completion of such programs." 18 U.S.C. § 3624(f)(2). Accordingly, the BOP determined that eligible inmates *must* attend the program for 240 hours, or be subject to disciplinary sanctions, and if the inmate does not achieve his GED within the 240 hours, the BOP offers good time credits to encourage further participation.

It is clear that an inmate cannot be subject to disciplinary sanctions if he refuses to participate beyond the mandatory 240 hours, but it is also clear the BOP can withhold good time credits if he refuses to continue to participate in the program. *See* 18 U.S.C. § 3624(b)(1) ("In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree."). Pursuant to this discretionary authority, the BOP has

promulgated regulations which provide that an inmate who refuses to participate beyond the 240 hours, and who has not yet received his GED, will only be awarded 42 of the possible 54 good time credits. *See* 28 C.F.R. § 523.20.

Here, Davis earned 550 hours of instructional time in the Literacy Program at U.S.P. Atwater, but did not achieve his GED. The education staff determined that he qualified for the "ZP exemption" and Davis continued to earn good time credits while he remained at U.S.P. Atwater. However, upon his transfer to U.S.P. McCreary, SOE Boggs reviewed Davis' "ZP exemption" status pursuant to BOP Program Statement 5350.28, and determined that he did not satisfy the requirements for the exemption because there was no documentation of testing and because his records reflected a poor attitude. As a result, SOE Boggs rescinded the exemption, and Davis was no longer entitled to his good time credits unless he continued to participate in the program. Because Davis refused to participate, the BOP only awarded him 42 days credit under 28 C.F.R. § 523.20(c)(2). This determination is consistent with the statutory mandate of 18 U.S.C. § 3624(b) and the BOP's regulations promulgated at 28 C.F.R. § 523.20(c)(2). Accordingly, the Court finds that the BOP properly calculated Davis' good time credits.

Moreover, even if Davis could establish that he qualified for the "ZP exemption," he cannot show that his substantive due process rights have been violated because he has not asserted "the existence of a constitutionally protected property or liberty interest." *Martin v. O'Brien*, 207 F. App'x 587, 589 (6th Cir. Dec. 4, 2006). It is well-settled that "prisoners have no liberty interest in opportunities to obtain good-time credits." *Id*. at 589-90 (*citing Hansard*

*v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) ("The United States Supreme Court has held that inmates have no inherent constitutional right to good time credit.") (citation omitted)).

Accordingly, because Davis has not shown that the BOP acted arbitrarily and capriciously as it properly calculated his good time credits pursuant to 18 U.S.C. § 3264(b) and 28 C.F.R. § 523.20, and because an inmate does not have a protected liberty interest in the opportunity to earn good time credits, Davis has failed to establish grounds on which he is entitled to relief. Therefore, his petition must be denied.

### III. CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

(1) The Petitioner's motion to expedite review of this matter [Record No. 8] is **GRANTED**.

(2) Petitioner Donnell Dewayne Davis' *pro se* § 2241 petition for a writ of habeas corpus [Record No. 2] is **DENIED**.

(3) This action is **DISMISSED**, *sua sponte*, from the Court's docket. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 21st day of August, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge